Electronically Filed
Intermediate Court of Appeals
CAAP-13-0003547
11-FEB-2014
10:49 AM

NO. CAAP-13-0003547

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STUART SAUL MARLOWE and KATHLEEN SUSAN MARLOWE,
Claimants-Appellants,
v.
LANAI RESORTS, LLC, fka CASTLE & COOKE RESORTS, LLC,
Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P. NO. 13-1-0192)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction over this appeal that Claimants-Appellants Stuart Saul Marlowe and Kathleen Susan Marlowe (the Marlowe Appellants) have asserted from the Circuit Court of the First Circuit (Circuit Court)[1] August 27, 2013 amended judgment, because the Circuit Court's July 29, 2013 judgment is the relevant document that actually triggered the thirty-day time period under Rule 4(a)(1) of the Hawai'i Rules of Appellate Procedure (HRAP) for filing a notice of appeal from the final

_____

[1] The Honorable Virginia L. Crandall presiding.

judgment on the June 3, 2013 order granting Respondent-Appellee Lanai Resorts, LLC fka Castle & Cooke Resorts, LLC's (Appellee Lanai Resorts), April 10, 2013 motion to confirm the arbitration award in this matter, and the Marlowe Appellants' September 25, 2013 notice of appeal is untimely under HRAP Rule 4(a)(1) as to the July 29, 2013 judgment.

In a circuit court proceeding that relates to a prior arbitration proceeding, "HRS § 658A-28(a) authorizes an appeal from an order confirming an award or from a final judgment entered pursuant to that chapter." In re Trustees of the Don Ho Revocable Living Trust v. DeMattos, 126 Hawai'i 179, 181, 268 P.3d 432, 434 (App. 2011).

> § 658A-28. Appeals.
> (a) An appeal may be taken from:
>     (1) An order denying a motion to compel arbitration;
>     (2) An order granting a motion to stay arbitration;
>     (3) An order confirming or denying confirmation of an award;
>     (4) An order modifying or correcting an award;
>     (5) An order vacating an award without directing a rehearing; or
>     (6) A final judgment entered pursuant to this chapter.
>
> (b) An appeal under this section shall be taken as from an order or a judgment in a civil action.

HRS § 658A-28 (Supp. 2012) (emphases added). Therefore, pursuant to HRS § 658A-28(a)(3), the June 3, 2013 order granting Appellee Lanai Resorts' April 10, 2013 motion to confirm the arbitration award was immediately appealable, and, pursuant to pursuant to HRS § 658A-28(a)(6), the June 29, 2013 judgment was immediately appealable.

However, the Marlowe Appellants did not timely appeal from either the June 3, 2013 order granting Appellee Lanai Resorts' April 10, 2013 motion to confirm the arbitration award

-2-

or the June 29, 2013 judgment. Instead, the Marlowe Appellants sought appellate review of the subsequent August 27, 2013 amended judgment. The record does not indicate what rule the Circuit Court invoked to enter the August 27, 2013 amended judgment. The Supreme Court of Hawaiʻi has explained that

> the circuit courts are now governed by the Hawaiʻi Rules of Civil Procedure. Those rules set forth the circumstances under and the times within which the circuit courts may take actions to review and set aside their own judgments, see HRCP 50, 52(b), 59, and 60, and a rule, HRCP 6(b), that specifically limits the granting of extensions of time to take such actions. Once a valid judgment is entered, the only means by which a circuit court may thereafter alter or amend it is by appropriate motion under HRCP 59(e). DuPonte, 53 Haw. at 126, 488 P.2d at 539.

Wong v. Wong, 79 Hawaiʻi 26, 29-30, 897 P.2d 953, 956-57 (1994) (footnote omitted). More importantly, however, even assuming, arguendo, that the Circuit Court invoked an appropriate rule for amending the July 29, 2013 judgment, the Supreme Court of Hawaiʻi has explained the following general rule regarding an amended judgment:

> The general rule is that where a judgment is amended in a material and substantial respect, the time within which an appeal from such determination may be taken begins to run from the date of the amendment, although where the amendment relates only to the correction of a clerical error, it does not affect the time allowed for appeal.

Poe v. Hawaiʻi Labor Relations Board, 98 Hawaiʻi 416, 418, 49 P.3d 382, 384 (2002) (citation, internal quotation marks, and ellipsis points omitted; emphasis added); State v. Mainaaupo, 117 Hawaiʻi 235, 246 n.6, 178 P.3d 1, 12 n.6 (2008). If the amended judgment does not amend the original judgment in a material and substantial respect, then the original judgment is the judgment from which the appellant must timely appeal, and the entry of the amended judgment does not postpone the limited time period for filing the notice of appeal:

-3-

> If the amendment of a final judgment or decree for the purpose of correcting a clerical error either materially alters rights or obligations determined by the prior judgment or decree or creates a right of appeal where one did not exist before, the time for appeal should be measured from the entry of the amended judgment. <u>If, however, the amendment has neither of these results, but instead makes changes in the prior judgment which have no adverse effect upon those rights or obligations or the parties' right to appeal, the entry of the amended judgment will not postpone the time within which an appeal must be taken from the original decree</u>.

<u>Poe v. Hawaiʻi Labor Relations Board</u>, 98 Hawaiʻi at 418, 49 P.3d at 384 (citations, internal quotation marks, and original brackets omitted; emphasis added).

In the instant case, the August 27, 2013 amended judgment resolves all of the substantive issues in this case in essentially the same way as the June 29, 2013 judgment resolves them in that the August 27, 2013 amended judgment likewise

- enters judgment on the June 3, 2013 order granting Appellee Lanai Resorts' April 10, 2013 motion to confirm the arbitration award,

- awards money damages to Appellee Lanai Resorts in the amount of $44,267.08,

- awards attorneys' fees to Appellee Lanai Resorts in the amount of $5,828.53,

- awards costs to Appellee Lanai Resorts in the amount of $471.50, and

- provides that the total award for Appellee Lanai Resorts is $50,567.11.

The August 27, 2013 amended judgment does not amend the June 29, 2013 judgment in a material and substantial way. The August 27, 2013 amended judgment differs from the June 29, 2013 judgment only in that the August 27, 2013 amended judgment additionally concludes with the following superfluous paragraph:

> This Amended Final Judgment resolves all claims as to all issues between the parties in this action. Any and all remaining claims, if any, are dismissed with prejudice. This Amended Final Judgment shall be final and appealable.

After entry of the June 29, 2013 judgment, there were no other issues for the Circuit Court to resolve in this special proceeding. The only substantive issues for the Circuit Court to resolve in this special proceeding were the issues in the Circuit Court's adjudication of Appellee Lanai Resorts' April 10, 2013 motion to confirm the arbitration award. No party in this circuit court special proceeding filed any other substantive motion regarding the arbitration award. The July 29, 2013 judgment satisfactorily enters judgment on, and awards relief for, the June 3, 2013 order granting Appellee Lanai Resorts' April 10, 2013 motion to confirm the arbitration award, and the July 29, 2013 judgment leaves no remaining substantive issues or claims for the Circuit Court to adjudicate. The August 27, 2013 amended judgment is superfluous. Accordingly, under the holding in Poe v. Hawaiʻi Labor Relations Board, the Circuit Court's entry of the July 29, 2013 judgment triggered the thirty-day time period under HRAP Rule 4(a)(1) for filing a notice of appeal pursuant to HRS § 658A-28(a)(6), and, the Circuit Court's subsequent entry of the superfluous August 27, 2013 amended judgment did not postpone the thirty-day time period under HRAP Rule 4(a)(1) for filing a notice of appeal from the July 29, 2013 judgment.

The Marlowe Appellants did not file their September 25, 2013 notice of appeal within thirty days after entry of the July 29, 2013 judgment, as HRAP Rule 4(a)(1) requires for a timely appeal. Therefore, the Marlowe Appellants' appeal is untimely under HRAP Rule 4(a)(1) and the holding in Poe v. Hawaiʻi Labor Relations Board. The failure to file a timely

-5-

notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. <u>Bacon v. Karlin</u>, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of these rules."); HRAP Rule 26(e)("The reviewing court for good cause shown may relieve a party from a default occasioned by any failure to comply with these rules, except the failure to give timely notice of appeal.").

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-13-0003547 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, **February 11, 2014.**

Presiding Judge

Associate Judge

Associate Judge